IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARLES ALLEN                                                                                    PLAINTIFF

v.                                                                                        No. 3:13CV234-A-A

CHRISTOPHER EPPS                                                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Charles Allen, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Allen alleges that on October 12, 2012, while he was housed at the Mississippi State Penitentiary, he got into an altercation with another inmate and received a prison rule violation report arising out of the incident. He was placed in Administrative Segregation pending the outcome of the rule violation hearing. He was found guilty of the rule violation at a hearing held on October 24, 2012 – and was punished by placement in isolation for 20 days and loss of 60 days "good time." He was, nonetheless, kept in lockdown for 4 months in Unit 29-L at the Mississippi State Penitentiary, then transferred and kept on lockdown for another 4 months at the Marshall County Correctional Facility. Though he had no further rule violations during his eight months in lockdown, he was not placed in less restrictive custody. Under Mississippi Department of Corrections policy, an inmate normally receives a recommendation to be removed from isolation after being rule violation free for six months. When he inquired about being removed from lockdown status, he was told that he must remain on

lockdown for a total of one year before being recommended for less restrictive custody. The Classification Director had recommended that Allen stay in lockdown for a year and that he be removed from Trusty status. Allen believes that the Classification Director's recommendation of his extended stay in isolation and his removal from Trusty status – as well as his loss of Earned Good Time – exceeded the punishment imposed as a result of his disciplinary hearing and constituted a violation of his right to due process.

## Discussion

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of

commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Allen's due process claim fails for two reasons. First, under *Sandin*, the punishment he received as a result of his rule infraction is one that comports with the normal incidents of prison life – and was not an abnormal and significant hardship. As such, Allen's punishment for violating prison rules simply does not rise to the level of a violation of due process.

Second, his placement in long-term isolation and loss of Trusty status were not imposed as a matter of direct punishment for his rule violation, but as a decision on his proper classification and housing assignment based upon – among other things – the rule violation. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The court sees no reason under the facts of this case to disturb the decision of prison officials regarding Allen's classification or housing.

### *Heck*

Finally, the court cannot entertain Allen's complaint about loss of Earned Good Time in the present case filed under 42 U.S.C. § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no

requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court's conclusion that plaintiff's success in his claim regarding loss of Earned Good Time would necessarily draw into question the validity of the length of his sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Plaintiff has made no such showing; as such, this claim must be dismissed without prejudice to Allen's ability to raise it in a petition for a writ of *habeas corpus*.

In sum, all of the claims in the present case are without merit and will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of December, 2013.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**